IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALLEN COX, *Plaintiffs,* | ) | Judge Baskir |
| *v.* | ) | No. 07-652C |
| THE UNITED STATES, *Defendant.* | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR NOTICE TO THIRD PARTY PURSUANT TO RCFC 14(b)**

Defendant, the United States, hereby moves for issuance of Notice, pursuant to RCFC 14(b) and 41 U.S.C. § 114(b), to the following corporation to appear, if it so desires, as a party and assert whatever interest it may have in this action:

Monica Gonzalez, Esq.
Associate General Counsel
Point Blank Body Armor, Inc.
2102 S.W. 2nd Street
Pompano Beach, Florida 33069

**STATEMENT IN SUPPORT OF MOTION**

In this action, plaintiffs allege infringement of their patent, U.S. Patent No. 7,076,806 (the '806 patent), relating to body armor extensions for an armor vest designed to protect the deltoid and axillary, or underarm,

regions of the wearer. (Complaint, ¶ 7-8). Plaintiffs further identify Point Blank Body Armor, Inc. (Point Blank) as the manufacturer of an item, referred to as a DAP (Deltoid Axillary Protection) accessory, which allegedly infringes one or more claims of the '806 patent. They further refer to Contract No. W91CRB-04-D-0014 as the contract for procurement of these items. (Complaint, ¶ 16-17). A copy of the '0014 contract is attached as Exhibit A.[1]

The '0014 contract is an indefinite quantity/indefinite delivery contract which permits the Army to place orders, for a minimum quantity of 50,000 items, up to a maximum of 840,000 items, for Deltoid and Axillary Protectors. The sole contract line item references a GSA contract, #GS-07F-8942D, as the mechanism under which orders may be placed. (Exhibit A at 2).

By Amendment A018, dated April 16, 2004, to the GSA contract cited above, DAP items were added to Point Blank's GSA contract, making them eligible for purchase under that contract. (Exhibit B, at 1-3). This was the result of Point Blank issuing a supplemental retail price list and GSA price

[1] Defendant also attaches the declaration of undersigned counsel, authenticating the exhibits attached to this motion, as Exhibit C.

list for these items, in differing configurations. (Exhibit B, at 2-3). As set forth in preexisting modification, MO02, to the GSA contract, dated November 8, 2001, that contract contains a patent indemnity provision requiring Point Blank to indemnify the government for any patent infringement arising out of performance of its GSA contract. (Exhibit B at 6). The indemnity provision continued to be incorporated in subsequent Modification MO12 to the GSA contract. (Exhibit B at 10).

It thus appears that Point Blank has an interest in this litigation as a result of its apparent obligation to indemnify the government for any patent infringement liability resulting from its supply of the accused Deltoid and Axillary Protectors to the Army pursuant to the ‘0014 contract. Accordingly, it should be afforded an opportunity to enter this lawsuit as a third-party defendant through the issuance of the requested RCFC 14(b) notice.

The issuance of the requested notice is in conformity with the established practice of the Court of Federal Claims as exemplified by *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976); *Bowser, Inc. v. United States*, 440 F.2d 1057 (Ct. Cl. 1970); *Bird v. United States*, 51 Fed. Cl. 536 (2002); and *Rockwell Int'l Corp. v. United States*, 31 Fed. Cl. 536 (1994).

Counsel for defendant has informed counsel for plaintiffs of this motion, and plaintiffs have indicated that it does not oppose this motion.

## CONCLUSION

For the above-stated reasons, defendant respectfully requests that this motion be granted.

PETER D. KEISLER
Assistant Attorney General

*s/John J. Fargo*
JOHN J. FARGO
Director, Intellectual Property Staff
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Tel: 202-514-7223
Fax: 202-307-0345

Date: November 19, 2007