**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>POINT BLANK BODY ARMOR, Inc., 2102 S.W. 2nd Street, Pompano Beach, Florida, 33069<br><br>Proposed Third Party Defendant. | ) | No. 07-652C<br><br>Judge Baskir<br>cc: ADR Judge Horn |

**PROPOSED THIRD PARTY**
**<u>DEFENDANT'S MOTION TO INTERVENE</u>**

Based on Point Blank's interest in this case. Point Blank Body Armor, Inc. ("Point Blank"), 2102 S.W. 2nd Street, Pompano Beach, Florida, 33069, hereby moves to intervene as a third party defendant in the above captioned suit pursuant to the authority of 41 U.S.C.§ 114(b) and Rules 14 and 24 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs, Christopher Sean Van Winkle and David Alan Cox, brought suit against the United States, acting through the Department of the Army, for

damages arising from defendant's allegedly unlicensed or otherwise unauthorized use of United States Patent No. 7,076,806 ("'806 patent"), entitled "Body Armor," which issued July 18, 2006. In their Complaint, plaintiffs allege that the Army contracted with Point Blank under Contract No. W91CRB-04-D-0014 to manufacture and supply deltoid and axillary protectors, which plaintiffs allege are described in and covered by Claims 1 through 13 of the '806 patent, and, therefore, infringe plaintiffs' patent. Plaintiffs further assert that they have been injured by the alleged infringement and seek compensation from defendant pursuant to 28 U.S.C. § 1498(a).

The subject contract, Contract No. W91CRB-04-D-0014, refers to Point Blank's supply schedule contract with the General Services Administration ("GSA"), Contract No. GS-07F-8942D, as a mechanism for ordering deltoid and axillary protectors. In defendant's Unopposed Motion for Notice to Third Party Pursuant to RCFC 14(b), defendant identified a patent indemnity provision in Contract No. GS-07F-8942D. This provision states:

> (h) Patent indemnity. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising

> out of performance of this contract, provided the Contractor is reasonable notified of such claims and proceedings.

In its motion, defendant states that it "appears that Point Blank has an interest in this litigation as a result of its apparent obligation to indemnify the government for any patent infringement liability resulting from its supply of the accused Deltoid and Axillary Protectors to the Army."

On December 19, 2007, Point Blank was served a Third Party Notice ("Notice") issued by the Clerk of the Court, notifying Point Blank of the pending action and inviting Point Blank to assert any claim or interest in the subject matter. RCFC 14(b)(1) provides that once a non-party has been notified pursuant to this authority, the non-party has an "opportunity to seek intervention and to assert an interest in the action." Accordingly, Point Blank seeks intervention in this case to assert and defend its interests.

The allegations set forth in the Complaint, and the defenses raised in the Answer, indicate that the Court could be asked to decide, among other things, the validity of the '806 patent, whether the DAPs manufactured by Point Blank under Contract No. W91CRB-04-D-0014 infringe one or more of the 13 claims of the '806 patent, and whether plaintiffs were injured by the alleged patent infringement. Point Blank asserts an interest in this action on the basis that the United States may seek indemnity against Point Blank under Contract No. GS-07F-8942D in the event that, based on these

allegations, judgment is entered in favor of plaintiffs. If plaintiffs are successful in this action and defendant in turn seeks indemnity under Contract No. GS-07F-8942D, Point Blank could be liable to defendant for patent infringement. On this basis, Point Blank has an interest in the above captioned action.

In support of its motion, Point Blank submits a memorandum and, pursuant to RCFC 14(c), a timely proposed Answer.

The government does not oppose this motion. Plaintiffs did not oppose defendant's motion to notify Point Blank of its opportunity to appear as a party and assert its interest in this case. Plaintiffs, however, have advised the undersigned that they oppose this motion to intervene.

Dated: January 25, 2008

Respectfully Submitted,

s/Thomas J. Madden

Thomas J. Madden (Counsel of Record)
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-4803
FX: (202) 344-8300

Counsel for Point Blank Body Armor, Inc.

Of Counsel:

James Y. Boland
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-8273
FX: (202) 344-8300

DC1:261978