**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX, | |
| Plaintiffs, | No. 07-652C |
| v. | Judge Baskir |
| THE UNITED STATES, | cc: ADR Judge Horn |
| Defendant, | |
| and | |
| POINT BLANK BODY ARMOR, Inc., 2102 S.W. 2nd Street, Pompano Beach, Florida, 33069 | |
| Proposed Third Party Defendant. | |

**MEMORANDUM IN SUPPORT OF PROPOSED**
**THIRD PARTY DEFENDANT'S MOTION TO INTERVENE**

Thomas J. Madden (Counsel of Record)
James Y. Boland (Of Counsel)
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-4803
FX: (202) 344-8300

Counsel for Point Blank Body Armor, Inc.

Dated: January 25, 2008

# Table of Contents

I. Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Intervention Under 41 U.S.C. § 114(b) . . . . . . . . . . . . . . . . . . . 3

1. Patent Indemnity Provision Creates an Interest Under 41 U.S.C § 114(b) . . . . . . . . . . . . . . . . . . . . . . . . 5

2. Judicial Economy Favors Intervention Under 41 U.S.C. § 114(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. Intervention Under RCFC 24 . . . . . . . . . . . . . . . . . . . . . . . . . 8

1. Point Blank is Entitled to Intervene as of Right (RFC 24(a)(2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

a. Point Blank Possesses a Substantial Interest in This Litigation . . . . . . . . . . . . . . . . . . . . . . . . . 10

b. Adverse Disposition of This Action Will Impair the Ability of Point Blank to Protect Its Interests . . . . .13

c. Point Blank's Interests Will Not Be Adequately Protected By The Existing Parties . . . . . . . . . . . . 15

2. Alternatively, Point Blank is Entitled to Permissive Intervention (RCFC 24(b)(2)) . .. . . . . . . . . . . . . . . . . . . . 16

3. Judicial Economy Favors Intervention Under RCFC 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# Table of Authorities

## Cases

***Am. Mar. Transp., Inc. v. United States*,**
**870 F.2d 1559, 1560 (Fed. Cir. 1989)** . . . . . . . . . . . . . . . . . . . . .10, 11

*Bird v. United States*,
51 Fed. Cl. 536 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 n.1, 12 n.4

***Bowser v. United States*,**
**420 F.2d 1057 (Ct. Cl. 1970)** . . . . . . . . . . . . . . . . . . . . . 5, 5 n.1, 11-13

***Carrier Corp. v. United States*,**
**34 F.2d 250 (Ct. Cl. 1976)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fifth Third Bank of W. Ohio v. United States*,
52 Fed. Cl. 202, 203 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Freeman v. United States*,
50 Fed. Cl. 305 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

***Northrop Grumman Info. Tech., Inc. v. United States*,**
**74 Fed. Cl. 407 (2006)** . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 13, 15

***Penda Corp. v. United States*,**
**44 F.3d 967 (Fed. Cir. 1994), *cert. denied sub. nom.***
***Cadillac Products, Inc. v. TriEnda Corp*.,**
**514 U.S. 1110 (1995)** . . . . . . . . . . . . . . . 12, 12 n.4, 13, 15, 16

*Philadelphia Suburban Corp. v. United States*,
211 Ct. Cl. 354 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 18

***Rockwell Int'l Corp. v. United States*,**
**31 Fed. Cl. 536 (1994)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 8, 18

*United States v. Am. Tel. & Tel. Co*.,
642 F.2d 1285 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Westlands Water Dist. v. United States*,
700 F.2d 561, 563 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Statutes**

28 U.S.C. § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

**41 U.S.C. § 114(b)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3-7, 10, 13, 18

**Miscellaneous**

7C Charles A. Wright, et al., *Federal Practice and Procedure: Civil 2d* § 1913 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX, | ) | |
| Plaintiffs, | ) | No. 07-652C |
| v. | ) | |
| THE UNITED STATES, | ) | Judge Baskir<br>cc: ADR Judge Horn |
| Defendant, | ) | |
| and | ) | |
| POINT BLANK BODY ARMOR, Inc.,<br>2102 S.W. 2nd Street,<br>Pompano Beach, Florida, 33069 | ) | |
| Proposed Third Party Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PROPOSED**
**<u>THIRD PARTY DEFENDANT'S MOTION TO INTERVENE</u>**

Point Blank Body Armor, Inc. ("Point Blank"), respectfully requests that this court allow it to appear and intervene as a third party defendant in the above-captioned suit pursuant to the authority of 41 U.S.C. § 114(b) and Rules 14 and 24 of the Rules of the United States Court of Federal Claims ("RCFC"). As discussed more fully below, Point Blank has a substantial interest in this action and, therefore, should join this case as a third party defendant.

As directed by RCFC 14(c), a copy of Point Blank's proposed Answer is being filed with this motion within 42 days of service of notice under RCFC 14(b) and, therefore, Point Blank's appearance and motion for intervention is timely.

## I. BACKGROUND

Plaintiffs, Christopher Sean Van Winkle and David Alan Cox, brought suit against the United States, acting through the Department of the Army, for damages arising from defendant's allegedly unlicensed or otherwise unauthorized use of United States Patent No. 7,076,806 ("'806 patent"), entitled "Body Armor," which issued July 18, 2006. Plaintiffs allege in their Complaint that they are "independent inventors" under 28 U.S.C. § 1498(a), *see* Complaint at ¶ 4, and that they are the "original inventors" of the deltoid axillary protective device described in the '806 patent. *See id.* at ¶ 7. Plaintiffs attached a copy of the '806 patent to the Complaint.

In the Complaint, plaintiffs allege, based on information and belief, that the Army contracted with Point Blank under Contract No. W91CRB-04-D-0014 (the "subject contract") to manufacture the same items that are described in and covered by Claims 1 through 13 of the '806 patent. *See* Ex. A (Contract No. W91CRB-04-D-0014). Plaintiffs further allege that defendant has infringed the '806 patent in performing the subject contract.

Additionally, plaintiffs assert that they have been injured by the alleged infringement and seek compensation from defendant pursuant to 28 U.S.C. § 1498(a).

The subject contract refers to Point Blank's supply schedule contract with the General Services Administration ("GSA"), Contract No. GS-07F-8942D, as a mechanism for ordering "Deltoid and Axillary Protectors" as accessories for Point Blank's Interceptor Body Armor. *See* Ex. B (Contract No. GS-07F-8942D).

Defendant alleged in its Unopposed Motion for Notice to Third Party Pursuant to RCFC 14(b), that Point Blank has an apparent obligation to indemnify the government for any patent infringement liability arising under Contract No. W91CRB-04-D-0014.

## II. ARGUMENT

### A. Intervention Under 41 U.S.C. § 114(b)

Point Blank is entitled to intervene in this case as a third party defendant pursuant to the Contract Settlement Act of 1944, 41 U.S.C. §114(b). Section 114(b) provides in pertinent part:

> The United States Court of Federal Claims may, upon motion of the Attorney General, in any suit or proceeding where there may be any number of persons *having possible interests therein*, notify such persons *to appear to assert and defend such interests*.

41 U.S.C § 114(b) (emphasis added). RCFC 14 is the implementing rule for the authority set forth in 41 U.S.C. § 114. *See* RCFC 14 Amended Through November 15, 2007 at 21 (Rules Committee Note 2002 Revision).

On November 19, 2007, defendant filed an unopposed motion to notify Point Blank as a potentially interested third party in the pending litigation under the procedures of RCFC 14(b) and authority of 41 U.S.C. § 114(b). Therein, defendant identified a patent indemnity provision in Point Blank's GSA Contract No. GS-07F-8942D that, according to defendant, "requir[es] Point Blank to indemnify the government for any patent infringement arising out of performance of its GSA contact." D.'s Mot. for Notice at 3. In its motion, defendant states that it "appears that Point Blank has an interest in this litigation as a result of its apparent obligation to indemnify the government for any patent infringement liability resulting from its supply of the accused Deltoid and Axillary Protectors to the Army." *Id.* The court granted defendant's unopposed motion on November 20, 2007.

On December 19, 2007, Point Blank was served a Third Party Notice ("Notice") pursuant to the authority of 41 U.S.C. § 114(b), notifying Point Blank of the pending action and inviting Point Blank to assert any claim or interest in the subject matter. *See* Ex. C (Notice). RCFC 14(b)(1) provides that once a non-party has been notified pursuant to this authority, the non-

party has an "opportunity to seek intervention and to assert an interest in the action." Accordingly, Point Blank seeks intervention in this case to assert and defend its interests.

1. Patent Indemnity Provision Creates an Interest Under 41 U.S.C § 114(b)

In patent infringement suits in the Court of Federal Claims, it is well established that a non-party's potential obligations under a patent indemnity provision constitute an "interest" under 41 U.S.C § 114(b) that entitles the non-party to appear and intervene as a third party defendant.

In *Bowser v. United States*, 420 F.2d 1057 (Ct. Cl. 1970), the court explained that it "cannot be doubted that [the non-party] has, in the language of the statute, a 'possible' interest in the proceeding" on the basis of its patent indemnity provision with the government. *Id*. at 1060. The court found that the non-party had a direct pecuniary interest in the outcome of the litigation because it "may" be required to indemnify the government if the government is found liable for infringement and, as a result, the non-party "has a right to participate in order to protect its interests."[1] *Id*.

---

[1] In *Bird v. United States*, 51 Fed. Cl. 536 (2002), Judge Miller questioned *Bowser*'s holding, but only with respect to issue preclusion, not an indemnitor's interest under 41 U.S.C. § 114(b). *See* 51 Fed. Cl. at 547 n.12. Judge Miller noted, however, that *Bowser* was "still good law"

Similarly, in *Rockwell Int'l Corp. v. United States*, 31 Fed. Cl. 536 (1994), a case in which thirty-seven non-parties with patent indemnity provisions were notified pursuant to RCFC 14, the court explained that:

> Each of the 37 companies has an apparent interest in this action in that under their respective contracts with the United States they *may* be obligated to indemnify defendant.

*Id.* at 537 (emphasis added).

In *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976), another patent infringement case in which a proposed third party and indemnitor of the United States appealed the trial judge's determination that it did not appear to have an interest in the litigation, the Court of Claims held:

> A person against whom the United States alleges a nonfrivolous claim for indemnity is a party who "appears" to have such an interest.

*Id.* at 252.

In light of the foregoing, Point Blank has an interest in this action pursuant to 41 U.S.C. § 114(b) on the basis of a patent indemnity provision in its contract with the United States.[2] This provision, found in modification

---

because the Federal Circuit had not explicitly overruled it. In its discussion, *infra.*, on the separate grounds for intervention under RCFC 24, Point Blank cites *Bowser* with respect to issue preclusion.

[2] By appearing and seeking leave to intervene, Point Blank is not waiving its right to raise any and all appropriate defenses if, at a later date, the United States makes a claim for indemnification against Point Blank.

MO02 to Point Blank's supply schedule contract, Contract No. GS-07F-8942D, reads as follows:

> (h) Patent indemnity. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of performance of this contract, provided the Contractor is reasonable notified of such claims and proceedings.

Exhibit B at 3 of 16 (Modification MO02).[3] Point Blank thus has an interest in this litigation because it may be required to indemnify the government in the event the court rules in favor of plaintiffs. In fact, as long as the government could maintain a nonfrivolous suit against Point Blank for indemnity under the contract provisions, Point Blank has an interest in this case and, accordingly, has a right to appear and intervene as a third party defendant under the authority of 41 U.S.C. § 114(b).

2. <u>Judicial Economy Favors Intervention Under 41 U.S.C. § 114(b)</u>

Point Blank's intervention as a third party defendant is also favored by judicial economy. In *Philadelphia Suburban Corp. v. United States*, 211 Ct. Cl. 354 (1976), the Court of Claims explained:

> The rationale behind the issuance of a notice [under 41 U.S.C. § 114(b)] is the prevention of numerous proceedings and

[3] Defendant included a copy of this provision in its Motion for Notice to Third Party Pursuant to RCFC 14(b).

> determinations on an identical set of facts. Thus it is in furtherance of the conservation of judicial time and effort that the Court of Claims determines that notice shall issue where interest is apparent.

*Id.* at 355. Principles of judicial economy are particularly persuasive in the context of a patent infringement suit. Indeed, the *Rockwell* court explained that:

> Suits that involve patent validity and infringement are intricate and time consuming. Relitigation of validity issues in numerous cases involving the noticed nonparties would be a waste of resources.

*Rockwell*, 31 Fed. Cl. at 539.

To the extent the court in this case finds that the '806 patent was infringed, the United States may seek to recover the amount of damages it pays from Point Blank based on the patent indemnity clause in its contract. Point Blank's potential obligation would be dependent upon the validity and enforceability of the '806 patent. Therefore, in order to avoid subsequent litigation over many of the same issues of fact and law, Point Blank should be granted leave to intervene in this case.

**B. Intervention Under RCFC 24**

To the extent it is necessary for Point Blank to intervene under RCFC 24, the rules allow two types of intervention: intervention of right under

RCFC 24(a)(2) and permissive intervention under RCFC 24(b)(2). Point Blank's motion to intervene meets the requirements of both.

1. <u>Point Blank is Entitled to Intervene as of Right (RCFC 24(a)(2))</u>

RCFC 24 is modeled after Rule 24 of the Federal Rules of Civil Procedure. *See* RCFC Amended Through November 15, 2007 at 1 (2002 Rules Committee Note) ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."); *Freeman v. United States*, 50 Fed. Cl. 305, 307-08 (2001). RCFC 24(a)(2) states:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
>
> * * *
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2). Because an applicant need only claim an interest that may be impaired or impeded to trigger intervention of right, a motion to intervene under RCFC 24(a)(2) "only requires the movant to make well-plead allegations." *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006). Therefore, the court need not determine the merits of a putative intervenor's allegations when considering the motion to

intervene. *See id.* (citing *United States v. Am. Tel. & Tel. Co*., 642 F.2d 1285, 1291 (D.C. Cir. 1980). Under RCFC 24(a)(2), a "party's well-plead allegations are accepted as valid." *Northrop Grumman*, 74 Fed. Cl. at 413.

RCFC 24(a)(2) requires three elements to be present for intervention of right:

> (1) an interest relating to the property or transaction that is the subject matter of the action; (2) without intervention, the disposition of the action may, as a practical matter, impair or impede the applicants' ability to protect that interest; and (3) their interest is inadequately represented by the existing parties.

*See Northrop Grumman*, 74 Fed. Cl. at 413. These requirements are to be construed in favor of intervention. *See Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *see also Northrop Grumman*, 74 Fed. Cl. at 412.

*1. Point Blank Possesses a Substantial Interest in This Litigation*

Not only does Point Blank have an interest in this case under 41 U.S.C. § 114(b), but it also had an interest sufficient to intervene as of right. In order to possess a substantial interest in the litigation, Point Blank's interest must be one that is "of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment." *Am. Mar. Transp.*, 870 F.2d at 1561 (quoting *Am. Tel. &*

*Tel. Co*., 642 F.2d at 1292) (emphasis in original). The interest must also be a "legally protectable interest." *Id.* (quoting *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983)). A legally protectable interest is one that "the substantive law recognizes as belonging to or being owned by the applicant." *Am. Mar. Transp.*, 870 F.2d at 1562 (citations omitted).

Point Blank has a substantial interest in this litigation because plaintiffs' allege that the United States' and Point Blank's use and manufacture of deltoid and axillary protectors for the Army under Contract No. W91CRB-04-D-0014 infringe the '806 patent. If the court rules that the '806 patent has been infringed and the plaintiffs' injured, the United States may seek indemnification for the infringement from Point Blank, which Point Blank may be obligated to pay based on the patent indemnity provision in its contract. Therefore, Point Blank may lose by the direct legal operation and effect of an adverse judgment in this case.

Point Blank's interest in this litigation is also significant because intervention may be Point Blank's only opportunity to litigate the validity of the '806 patent. In *Bowser*, the Court of Claims explained that "if the third party indemnitor fails to appear in response to the summons or notice, it may not, in later litigation for the enforcement of indemnity against it, assert

that this court incorrectly decided that plaintiff's patent is valid and was infringed by the apparatus furnished by the third party." *Bowser,* 420 F.2d at 1060. Thus Point Blank may be precluded from challenging the validity of the '806 patent in subsequent litigation over the enforceability of the patent indemnity clause.

Additionally, to the extent Point Blank would not be precluded from litigating the validity of the '806 patent in future litigation, Point Blank's interest in the instant litigation is substantial because it would not have independent standing to appeal a judgment against the United States. *See Penda Corp. v. United States*, 44 F.3d 967 (Fed. Cir. 1994), *cert. denied sub. nom. Cadillac Products, Inc. v. TriEnda Corp*., 514 U.S. 1110 (1995).[4]

In *Penda Corp*., the Federal Circuit held that a third party defendant that had agreed to indemnify the government for patent infringement did not have standing to appeal in part because the judgment below was entered against the United States and the indemnitor was not aggrieved by such judgment. Indeed, the Federal Circuit noted that although the Court of Federal Claims does not have jurisdiction to determine a third-party indemnitor's contractual obligations to indemnify the United States, the role

[4] With respect to issue preclusion, Judge Miller notes the possible "tension" between *Penda* and *Bowser*. *See Bird*, 51 Fed. Cl. at 547 n.12. Judge

of a third-party defendant that receives notice under Rule 14 may be to "assist the United States in the defense of the case, or [] offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest." *Id.* at 970 (quoting *Bowser*, 420 F.2d at 1060).

Point Blank should have an opportunity to challenge the validity of the '806 patent and plaintiffs' allegation of infringement through participation in this case. As recognized in *Bowser* and *Penda*, the right conferred by 41 U.S.C. § 114(b) and RCFC 14(b) would be extinguished if Point Blank was not able to participate in the litigation.

*b. Adverse Disposition of This Action Will Impair the Ability of Point Blank to Protect Its Interests*

To intervene as a matter of right, Point Blank must also show that an unfavorable disposition of the action may as a practical matter impair or impede its ability to protect its interests in the litigation.

In light of the presumption in favor of intervention under RCFC 24(a)(2), the *Northrop Grumman* case recognized that the rule only requires that the disposition of the case *may* impair or impede the movant's ability to protect its interests to satisfy RCFC 24(a)(2). *Northrop Grumman*,

---

Miller also notes that other decisions of the Court of Federal Claims have held that issue preclusion does not apply to Rule 14. *See id.* at 548 n.14.

74 Fed. Cl. at 417 ("close calls go to the potential intervenor . . . [o]ne cannot say here with absolute certainty that [the putative intervenor's] concerns are invalid.").

The allegations set forth in the Complaint, and the defenses raised in the Answer, indicate that the court could be asked to decide, among other things, the validity of the '806 patent, whether the deltoid and axillary protectors manufactured by Point Blank under Contract No. W91CRB-04-D-0014 are the same items described in and covered by Claims 1 through 13 of the '806 patent, and whether plaintiffs were injured by the alleged patent infringement.

Point Blank has an interest in these important issues because an unfavorable disposition of them may trigger an obligation of Point Blank to indemnify the government. In the event of such a disposition, Point Blank's ability to defend in federal district court the government's demand for indemnity could be severely hampered because the Federal Circuit is the final arbiter of litigated issues of patent infringement and validity by the federal district courts and the Court of Federal Claims. In subsequent litigation in district court, it would not be reasonable to believe that a district court would ignore the Federal Circuit's earlier findings in reaching its decision. Point Blank seeks to protect this interest by presenting facts that

would show that the '806 patent is either invalid or that it has not been infringed by the Army's purchase of deltoid and axillary protectors from Point Blank under Contract No. W91CRB-04-D-0014.

Pursuant to *Penda Corp*., Point Blank would not have standing to appeal an adverse judgment in this case. This is significant because the patent indemnity provision in Point Blank's contract suggests that indemnification is triggered based on United States' liability. If the Court of Federal Claims enters a final judgment, and no appeal is taken, the government's liability is fixed pursuant to the judgment and the government can then attempt to seek indemnification from Point Blank.

*c. Point Blank's Interests Will Not Be Adequately Protected By The Existing Parties*

The United States may not adequately protect Point Blank's interests in the present action. To satisfy this factor, an applicant need only show that its interests "may be" inadequately represented. *See Fifth Third Bank of W. Ohio v. United States*, 52 Fed. Cl. 202, 205 (2002); *Northrop Grumman*, 74 Fed. Cl. at 417 ("The burden of showing the inadequacy of representation clearly is 'minimal.'") (citation omitted). Moreover, intervention as of right should be granted "unless an existing party adequately represents the movant's 'interest,' not simply defend that

interest from impairment in the instant litigation." *Fifth Third Bank*, 52 Fed. Cl. at 205*.*

As previously discussed, the Federal Circuit held in *Penda Corp*. that a third party defendant and indemnitor of the government for alleged patent infringement does not have independent standing to appeal a judgment entered against the United States. If the United States elects not to appeal an adverse judgment, Point Blank would have no further recourse with respect to the judgment entered by the Court of Federal Claims fixing the government's liability. In fact, the existence of the patent indemnity provision in Point Blank's contract might even discourage the United States from undertaking the significant effort of appealing an adverse judgment. Therefore, Point Blank's substantial interest in the outcome of this litigation would not be adequately represented by the United States.

2. Alternatively, Point Blank is Entitled to Permissive Intervention (RCFC 24(b)(2))

If the court denies Point Blank's application to intervene as a matter of right, Point Blank requests that the court alternatively exercise its discretion to allow permissive intervention.

RCFC 24(b)(2) provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action:
>
> * * *

> (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Point Blank meets the requirements for intervention under RCFC 24(b). First, Point Blank's motion is timely. As explained, *supra*, it was filed within the time period allowed by the Notice. *See* Exhibit A. Second, the defenses raised by Point Blank involve questions of law and fact similar to those raised by the United States, including whether the claims of the '806 patent are valid and infringed.

The decision to grant permissive intervention is a discretionary one. *See* RCFC 24(b)(2). The principal consideration is whether the applicant's intervention will unduly delay or prejudice the adjudication of the rights of the existing parties. *Id*. In addition to the reasons explained above, Point Blank's participation will not delay these proceedings. The United States filed its answer approximately three weeks ago on January 4, 2008. The absence of any prejudice to the parties "serves to encourage the court to exercise its discretion to allow intervention." 7C Charles A. Wright, et al., *Federal Practice and Procedure: Civil 2d* § 1913 (1986). In fact, Point Blank's participation as a party will facilitate the discovery process and promote the efficient and just resolution of this dispute.

Permissive intervention is also appropriate to protect a tangible, economic interest. *See id*. As previously discussed, Point Blank may have a contractual obligation to indemnify the United States for all or a portion of any damages awarded against it if the '806 patent is found to be valid and infringed by the United States. Point Blank, therefore, requests that the court exercise its discretion and grant its motion to intervene in this action.

3. Judicial Economy Favors Intervention Under RCFC 24

As previously discussed, principles of judicial economy favor intervention under RCFC 24. If the '806 patent is found to be valid and infringed, and plaintiffs injured, the government may seek indemnity from Point Blank. To defend such a claim from the government, Point Blank would have to raise many of the same issues of law and fact in district court that already would have been decided in this court. Such a duplicative effort would be a "waste of resources." *Rockwell*, 31 Fed. Cl. at 539. It is, therefore, in order to conserve judicial time, Point Blank should be granted leave to intervene in this case. *See Philadelphia Suburban Corp.*, 211 Ct. Cl. at 355.

## III. CONCLUSION

For the above-stated reasons, Point Blank should be allowed to appear and intervene as a third party defendant to defend its interests

pursuant to 41 U.S.C. § 114(b), as well as under RCFC 24(a)(2). In the alternative, Point Blank requests that the Court exercise its discretion to permit intervention under RCFC 24(b)(2).

The government does not oppose this motion. Plaintiffs did not oppose defendant's motion to notify Point Blank of its opportunity to appear as a party and assert its interest in this case. Plaintiffs, however, have advised the undersigned that they oppose this motion to intervene.

Dated: January 25, 2008

Respectfully Submitted,

s/Thomas J. Madden
Thomas J. Madden (Counsel of Record)
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-4803
FX: (202) 344-8300

Counsel for Point Blank Body Armor, Inc.

Of Counsel:

James Y. Boland
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-8273
FX: (202) 344-8300

DC1:262349