## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

|   |   |   |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07-652C |
| THE UNITED STATES, | ) ) | Judge Baskir cc: ADR Judge Horn |
| Defendant, | ) ) ) | |
| and | ) ) | |
| POINT BLANK BODY ARMOR, Inc., 2102 S.W. 2nd Street, Pompano Beach, Florida, 33069 | ) ) ) ) | |
| Proposed Third Party Defendant. | ) ) | |

_____ )

### PROPOSED THIRD PARTY DEFENDANT'S
### ANSWER TO THE COMPLAINT

Point Blank Body Armor, Inc. ("Point Blank"), proposed third party

defendant, hereby answers the allegations which appear in the numbered

paragraphs of the Complaint filed by Christopher Sean Van Winkle and

David Alan Cox ("plaintiffs").  Each numbered paragraph below is a

response to the corresponding numbered paragraph in the Complaint.

Upon current information and belief, all allegations of the Complaint are

denied except to the extent expressly admitted below.

1

1.      The allegations contained in paragraph 1 constitute plaintiffs' characterization of its lawsuit and contain legal conclusions to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied, except that Point Blank admits that plaintiffs have filed a complaint against the United States.

2.      Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 2.

3.      Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 3.

4.      The allegation contained in paragraph 4 is a conclusion of law to which no answer is required.  To the extent it may be deemed an allegation of fact, it is denied.

5.      Point Blank admits that the United States is the defendant in this action and that the U.S. Army is a part of the United States Government.  The other allegations contained in paragraph 5 constitute plaintiffs' characterization of its lawsuit to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

6.      Paragraph 6 is a legal conclusion to which no answer is required.  Point Blank admits that the United States Court of Federal Claims has jurisdiction over actions under 28 U.S.C. § 1498(a) and 1491(a)(1) for infringements of a patented article by or for the United States Government.

7.      The allegation contained in the first sentence of paragraph 7 is a conclusion of law to which no answer is required.  With respect to the second sentence, Point Blank admits that Patent No. 7,076,806 (the "'806 patent") was issued to Christopher Sean Van Winkle and David Alan Cox ("plaintiffs") on July 18, 2006 and that the patent reflects that plaintiffs filed an application for the patent on December 30, 2004. With respect to the third sentence, Point Blank admits that a copy of the '806 patent is attached to the Complaint.  With respect to the fourth sentence, the allegations are conclusions of law to which no answer is required. To the extent paragraph 7 contains additional allegations of fact, they are denied.

8.      Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in the first sentence of paragraph 8. With respect to the second sentence of paragraph 8, Point Blank admits only that the item described by the '806 patent would appear to add

protection to areas of the body.  With respect to the third sentence, Point

Blank admits only the '806 patent describes an axillary portion that would

appear to protect the underarm area of a wearer and would be made of

ballistic material.  With respect to the fourth sentence, Blank admits only

that the '806 patent describes a deltoid portion that would appear to provide

protection to the deltoid or shoulder area of the wearer.  To the extent there

paragraph 8 is deemed to contain additional allegations of fact, they are

denied.

9.      Point Blank admits that it has read defendant's Answer, but

does not independently have sufficient knowledge or information to form a

belief as to the truth of the averments in paragraph 9.

10.     Point Blank admits that it has read defendant's Answer, but

does not independently have sufficient knowledge or information to form a

belief as to the truth of the averments in paragraph 10.

11.     Point Blank admits that it has read defendant's Answer, but

does not independently have sufficient knowledge or information to form a

belief as to the truth of the averments in paragraph 11.

12.     Point Blank admits that it has read defendant's Answer, but

does not independently have sufficient knowledge or information to form a

belief as to the truth of the averments in the first and second sentence of

paragraph 12, except to admit that the averments were addressed in the opinion issued by the Under Secretary of Technology of the Department of Commerce on March 20, 2007.  Otherwise, the allegations contained in paragraph 12 are conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

13.     Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 13.

14.     Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 14.

15.     Point Blank admits that on June 7, 2004, the United States Army awarded Contract No. W91CRB-04-D-0014 to Point Blank for the purchase of deltoid and axillary protectors.  Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 15.

16.     With respect to the first sentence of paragraph 16, Point Blank admits that the United States Army awarded Contract No. W91CRB-04-D-0014 to Point Blank on June 7, 2004 for the purchase of deltoid and axillary

protectors.  To the extent the first sentence of paragraph 16 states that Contract No. W91CRB-04-D-0014 was for the "manufacture of DAP accessories," it is denied.  With respect to the second sentence of paragraph 16, Point Blank admits that Contract No. W91CRB-04-D-0014 had a minimum order requirement of 50,000 deltoid and axillary protector units and a maximum not-to-exceed quantity of 840,000 units at the time of contract award.  Point Blank admits that the unit price at the time of award was $285, which would lead to a minimum contract value of $14,250,000 and a maximum not-to-exceed value of $239,400,000.00 at the time of award.  Point Blank admits that Contract No. W91CRB-04-D-0014 had a performance period of 36 months at the time of award.  Point Blank further admits that Modification P00004 to Contract No. W91CRB-04-D-0014, effective February 17, 2006, increased the unit price to $285.81 for 697,848 units, which increased the maximum not-to-exceed value of the contract by $565,256.88.  Point Blank's answer is not an admission that the "DAP accessories" referred to in paragraph 16 are the same deltoid and axillary protectors described under Contract No. W91CRB-04-D-0014 because such an admission calls for a legal conclusion to which no answer is required.  To the extent paragraph 16 is deemed to contain additional allegations of fact, they are denied.

6

17.     Point Blank admits the allegations in paragraph 17, except that Point Blank is incorporated under the laws of Delaware.

18.      Point Blank denies that the Army provided plaintiffs' deltoid axillary protection device design to Point Blank for manufacture.  Point Blank further denies that the Army provided to Point Blank for manufacture the design of the deltoid axillary protection device described in and covered by the '806 patent.  In answering further, Point Blank alleges that in early 2004, the Army asked Point Blank to design a body armor accessory device that would add protection to the shoulder and underarm areas of the body that are not fully protected by the traditional Outer Tactical Vest.  In response, Point Blank made minor modifications to a device that Point Blank had previously designed in conjunction with and for the United States Marine Corps that was known as an Armor Protection Enhancement System, or "APES." Point Blank referred to the modified APES devise as a deltoid and axillary protector.  Point Blank's deltoid and axillary protector was added to its supply schedule contract with the General Services Administration, Contract No. GS-07F-8942D, effective March 26, 2004.  On June 7, 2004, the United States Army awarded Contract No. W91CRB-04-D-0014 to Point Blank for the purchase of deltoid and axillary protectors.  Point Blank's answer is not an admission that the "DAP" referred to in

paragraph 18 is the same deltoid and axillary protectors purchased under

Contract No. W91CRB-04-D-0014 because such an admission calls for a

legal conclusion to which no answer is required.  Point Blank admits that it

has read defendant's Answer, but does not independently have sufficient

knowledge or information to form a belief as to the truth of the remaining

allegation in paragraph 18.

19.     Point Blank admits that it is currently manufacturing, offering for

sale, and selling an accessorial device known as deltoid and axillary

protectors for use with Point Blank's Interceptor Outer Tactical Vest.  Point

Blank's answer is not an admission that the "DAP" referred to in paragraph

19 is the same deltoid and axillary protectors that it is currently

manufacturing, offering for sale, and selling.  Point Blank denies that it is

currently manufacturing, offering for sale, and selling the deltoid axillary

protection devices referred to in paragraph 19 and described in and

covered by the '806 patent.  All other allegations contained in paragraph 19

are denied.

20.     Point Blank admits that the copy of the '806 patent attached to

the Complaint reflects that plaintiffs applied for and received the '806

patent.  Point Blank also admits that plaintiffs now seek compensation for

alleged infringement of the '806 patent in this court.  Point Blank admits

that the Under Secretary of Technology of the Department of Commerce, in his March 20, 2007 opinion, made certain findings as to ownership and patent rights and avers that this document speaks for itself.  Otherwise, Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 20.

21.      Point Blank admits that counsel for plaintiffs contacted Point Blank by letter dated July 18, 2007 to discuss a license under the '806 patent.

22.      Point Blank admits that it wrote to plaintiffs on August 3, 2007 declining to discuss a license under the '806 patent and that Point Blank was selling deltoid and axillary protectors to the U.S. Army in accordance with Contract No. W91CRB-04-D-0014.

23.      Point Blank admits that it is selling deltoid and axillary protectors to the government under Contract No. W91CRB-04-D-0014, which includes an authorization and consent clause.  To the extent paragraph 23 is an allegation that Point Blank is selling the same items described in and covered by the '806 patent, it is a conclusion of law to which no answer is required.

24.      Point Blank admits that on July 18, 2007, counsel for plaintiffs contacted Point Blank and expressed an interest in granting a license for the use of the items described under the '806 patent.  Otherwise, the allegations in paragraph 24 are a characterization of plaintiffs' subjective state of mind to which no answer is required.  To the extent paragraph 24 is deemed to contain allegations of fact, Point Blank is without sufficient knowledge or information to form a belief as to their truth.

25.      The first sentence in paragraph 25 is a conclusion of law to which no answer is required.  Point Blank denies the first clause of the second sentence as to the value of Contract No. W91CRB-04-D-0014. Point Blank avers that the second clause of the second sentence, which discusses entitlement to royalty, is a conclusion of law to which no answer is required.  To the extent paragraph 25 contains additional allegations of fact, they are denied.

26.      Point Blank's answers contained in paragraph 1 through 25 above are repeated and incorporated fully herein by reference.

27.      Point Blank admits that the United States Army awarded Contract No. W91CRB-04-D-0014 to Point Blank on June 7, 2004.  Point Blank's answer is not an admission that the "DAP" devices referred to in paragraph 27 are the same deltoid and axillary protectors manufactured

under Contract No. W91CRB-04-D-0014 because such an admission calls for a conclusion of law to which no answer is required.  To the extent paragraph 27 is deemed to contain additional allegations of fact, they are denied.

28.     The first sentence of paragraph 28 is a conclusion of law to which no answer is required, except that Point Blank admits that the '806 patent was issued on July 17, 2006 to Christopher Sean Van Winkle and David Alan Cox.  The second sentence of paragraph 28 is a conclusion of law to which no answer is required.  The third sentence of paragraph 28 is a conclusion of law to which no answer is required, except that Point Blank admits that Claims 1 through 8 of the '806 patent refer to a "body armor accessory" and that Claims 9 through 13 refer to "body armor."  To the extent the first, second, and third sentences of paragraph 18 are deemed to contain allegations of fact, they are denied.

29.     Point Blank denies that the deltoid and axillary protectors purchased under Contract No. W91CRB-04-D-0014 are described in and covered by any valid claim of the '806 patent.  Point Blank further denies that its manufacture of deltoid and axillary protectors is an infringement of any valid claim of the '806 patent.  Otherwise, paragraph 29 is a conclusion of law to which no answer is required.

30.     Point Blank admits that Contract No. W91CRB-04-D-0014 contains an authorization and consent clause.  Point Blank's answer is not an admission that the "DAPs" referred to in paragraph 30 are the same deltoid and axillary protectors manufactured under Contract No. W91CRB-04-D-0014.  Otherwise, the allegation in paragraph 30 is a conclusion of law to which no answer is required.  To the extent it may be deemed an allegation of fact, it is denied.

31.     Point Blank admits that it has not received a license from plaintiffs for the use or manufacture of the items described in the '806 patent.  Otherwise, Point Blank admits that it has read defendant's Answer, but does not independently have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 31.

32.     Admits.

33.     The allegations in paragraph 33 are conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

<u>Plaintiffs' Prayer for Relief</u>

To the extent plaintiffs' prayer for relief may be deemed to contain allegations of fact, they are denied.  Point Blank further denies that it has infringed any valid asserted claim of the '806 patent.  Therefore, Point

Blank denies any allegation of patent infringement and, accordingly, denies that plaintiffs have been injured.

Answering further as to defenses, Point Blank alleges that:

34.      The United States and/or Point Blank have not infringed any of the asserted claims of the '806 patent.

35.      Each and every claim of the '806 patent alleged to have been infringed by the United States and/or Point Blank is invalid for failure to comply with 35 U.S.C. §§ 102, 103, and 112.

36.      Plaintiffs are not entitled to any compensation under 28 U.S.C. § 1498(a).

37.      Plaintiffs are not entitled to any compensation based upon the Takings Clause of the Fifth Amendment.

38.      Plaintiffs are not entitled to any relief for any alleged use or manufacture prior to the issuance of the '806 patent.

39.      Answering further, on information and belief, the United States is entitled to a license or title to the '806 patent because the patent was invented on Government time using Government resources.

40.      Answering further, Point Blank asserts that any and all defenses which are presently unknown to Point Blank but which, when

ascertained, Point Blank prays leave to add to this Answer or to otherwise identify to plaintiffs.

WHEREFORE, Point Blank respectfully requests the following relief:

A.    That the Court dismiss the Complaint with prejudice and that the Court deny each prayer for relief sought by plaintiffs;

B.    That the Court adjudge plaintiffs are not entitled to any compensation based upon the Takings Clause of the Fifth Amendment;

C.    That the Court adjudge each and every asserted claim of the '806 patent invalid for failure to comply, *inter alia*, with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

D.    That the Court adjudge each and every asserted claim of the '806 patent to be unenforceable;

E.    That the Court adjudge plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

F.    That Point Blank recover from plaintiffs all of its expense, including costs and attorneys' fees; and

G.    That the Court provide the United States and Point Blank with such further relief as the Court deems just and proper.

Dated: January 25, 2008        Respectfully Submitted,


s/Thomas J. Madden
Thomas J. Madden (Counsel of Record)
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-4803
FX: (202) 344-8300

Counsel for Point Blank Body Armor,
Inc.


Of Counsel:

James Y. Boland
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
PH: (202) 344-8273
FX: (202) 344-8300


DC1/262186