***In the United States Court of Federal Claims***

**********************************************
CHRISTOPHER SEAN VAN WINKLE
and DAVID ALAN COX,

Plaintiffs,

v. No. 07-652C
(Judge Baskir)

THE UNITED STATES OF AMERICA,

Defendant.

**********************************************

**JOINT PRELIMINARY STATUS REPORT AND APPENDIX**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), plaintiffs Christopher Sean Van Winkle and David Allen Cox ("plaintiffs"), and defendant the United States hereby submit this Joint Preliminary Status Report.

An early meeting of counsel was held on January 15, 2008, followed by subsequent conversations, and the parties arrived at the following positions on the questions set forth in paragraph 4 of Appendix A to the Rules of the Court of Federal Claims:

**(a)** Does the court have jurisdiction over the action?

Yes, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1498(a). The plaintiffs are seeking reasonable and entire compensation for the use by or for the United States, without license, of an invention described in and covered by the claims of U.S. Patent No. 7,076,806.

**(b)** Should the case be consolidated with any other case and, if so, why?

No.

**(c)** Should trial of liability and damages be bifurcated and, if so, why?

Plaintiffs assert that the trial of liability and damages should not be bifurcated. Trial of the damages phase should not be either complicated or lengthy and therefore will not add significant time to the trial. In addition, plaintiffs are on active duty and it would be burdensome for them to have to attend two separate phases of the trial. Other potential witnesses may also be stationed abroad and it would be burdensome to have them attend two phases of trial as well. Further, a bifurcated trial would prejudice plaintiffs in that the time to an ultimate judgment would be further and unnecessarily

delayed. Plaintiffs already were forced to delay the filing of this action while the litigation with the Government concerning whether the Government had a license to plaintiffs' invention was fully and finally litigated. (A copy of a March 20, 2007 decision by the Department of Commerce (henceforth "Commerce Decision"), in which the Government ruled that it had no license to plaintiffs' invention, is included in the Appendix.)

Defendant asserts that the liability and damages phases of this lawsuit should be bifurcated. An independent consideration of liability may provide a substantial savings in time for both the Court and the parties, and will allow the issue of liability to be determined sooner than it would if the liability and damages issues were combined for trial. Defendant would not seek to bifurcate damages fact discovery.

**(d)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

No.

**(e)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

**(f)** Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

No. The parties note, however, that Point Blank Body Armor, Inc. has been, upon motion by the Government pursuant to RCFC 14, noticed by the Court and has filed a motion to intervene as a third party. Point Blank seeks to intervene because of a potential indemnity obligation to the Government. Although Plaintiffs did not oppose the serving of a notice upon Point Blank, Plaintiffs have filed a response in opposition to the motion to intervene on February 11, 2008. Point Blank's reply is due on February 25, 2008.

**(g)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Based upon the current pleadings, neither party intends to file a motion pursuant to RCFC 12(b) or 12(c). While no final decision has been made, both parties are considering filing at least one motion pursuant to RCFC 56. At a minimum, the plaintiffs will file, if necessary, a motion for summary judgment with respect to the Government's allegation that "plaintiffs have no right of action against the Government because they

were in a position to induce or influence use of the invention by the Government." The parties reserve the right to file summary judgment with respect to any other issue they identify after having had the benefit of discovery. The parties agree that any motions pursuant to RCFC 56 should be filed no later than 45 days after the close of discovery.

**(h)** What are the relevant factual and legal issues?

Plaintiffs believe the relevant factual and legal issues are as follows:

Factual

1. Whether the Deltoid Axillary Protective (DAP) Devices used or manufactured by or for the Government are covered by the claims of U.S. Patent No. 7,076,806 ('806 patent) and therefore infringe the '806 patent?
2. What is the reasonable and entire compensation (including attorneys fees) that Plaintiffs are entitled to for the unlicensed use of the '806 patent by the United States?

Defendant believes the relevant factual and legal issues are as follows:

1. Whether each asserted claim of the ’806 patent is valid under 35 U.S.C. §§ 102, 103, and/or 112.

2. Whether the accused body armor accessory used or manufactured by or for defendant is covered by or infringes any asserted claim of the ‘806 patent under 28 U.S.C. § 1498(a).

3. If liability is found, what is the reasonable and entire compensation that plaintiffs are entitled to for the unlicensed use of the ‘806 patent by the United States?

**(i)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

There exists a moderate likelihood of settlement. The parties participated in an early meeting with Judge Horn and agreed that the initiation of ADR proceedings after a 60-day period of voluntary discovery may be warranted. The parties have tentatively scheduled an ADR proceeding for March 18-19, 2008.

**(j)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried

within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.

The parties presently anticipate trying all issues with the proviso that discrete issues could be determined by summary judgment. The parties are not requesting an expedited trial schedule.

**(k)** Are there special issues regarding electronic case management needs?

No.

**(l)** Is there other information of which the court should be aware at this time?

Plaintiffs' active duty status might impact scheduling of these proceedings and discovery. In addition, other potential witnesses may be stationed abroad.

## PROPOSED JOINT DISCOVERY PLAN

The parties propose the following discovery plan:

| Date | Event |
|---|---|
| Mar. 11, 2008 | DUE: Parties' exchange of initial disclosures. [RCFC 26(a)(1)] |
| Mar. 11, 2008 | BEGIN: Period for written fact discovery, including non-deposition discovery from third parties. |
| May 16, 2008 | BEGIN: Period for fact witness depositions (includes any third-party witnesses). |
| August 1, 2008 | DUE: Identification of expert witnesses who may be called at trial to testify as to liability or damages issues. [RCFC 26(a)(2)(A)] |
| Sept. 3, 2008 | END: Period for fact witness depositions and written discovery (includes any third-party witnesses). |
| Oct. 24, 2008 | DUE: Reports of any expert who may be called at trial to present evidence as to issues for which a party has the burden of proof at trial. [RCFC 26(a)(2)(B)] |
| Nov. 21, 2008 | DUE: Reports of any expert who may be called at trial to present evidence as to issues to rebut any testimony offered by a party that has the burden of proof at trial. [RCFC 26(a)(2)(B)] |
| Dec. 1, 2008 | BEGIN: Period for depositions of expert witnesses. |
| Jan. 30, 2009 | END: Period for depositions of expert witnesses. |
| Feb. 20, 2009 | DUE: Deadline for Dispositive Motion Filing. |
| Feb. 25, 2009 | DUE: Exchange of Witness Lists. |
| Mar. 13, 2009 | DUE: Exchange of Exhibit Lists. |

## APPENDIX TO JOINT PRELIMINARY STATUS REPORT

The parties have noted the Court's request for an Appendix of material portions of documents that are relevant to jurisdiction or to disputed facts alleged in the pleadings. Included herewith are the following documents:

- The '806 patent
- Decision on Appeal From Government Employee Rights Determination (Undersecretary for Technology, U.S. Dept. of Commerce, March 20, 2007
- Decision on Request for Reconsideration of Decision on Appeal From Employee Rights Determination, May 1, 2007
- Contract Number W91CRB-04-D-0014
- Modification Number P00004 to the '0014 contract

Plaintiffs have also attached a copy of the patent-in-suit with the Complaint. The parties believe that such other material information requested by the Court will be identified during discovery.

Respectfully submitted,

by consent
GARY H. NUNES
Womble Carlyle Sandridge &
Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

Of Counsel:

Jack B. Hicks
Womble Carlyle Sandridge &
Rice, PLLC
300 North Greene Street
Suite 1900
Greensboro, NC 27401
Telephone: (336) 574-8030
Fax: (336) 574-4520

Holly Emrick Svetz
Womble Carlyle Sandridge &
Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

Counsel for Plaintiffs

______________________
Date

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/ Conrad J. DeWitte, Jr.
CONRAD J. DEWITTE, JR.
Trial Attorney
Intellectual Property Staff
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0459
Fax: (202) 307-0345

Counsel for Defendant

February 19, 2008
Date

WCSR 3823228v1