# *In the United States Court of Federal Claims*

***********************************************
CHRISTOPHER SEAN VAN WINKLE
and DAVID ALAN COX,

Plaintiffs,

v. No. 07-652C
(Judge Baskir)

THE UNITED STATES OF AMERICA,

Defendant.

***********************************************

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF PROPOSED THIRD PARTY DEFENDANT'S MOTION TO INTERVENE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A RESPONSE**

Plaintiffs, Christopher Sean Van Winkle and David Alan Cox, respectfully move this Court, pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), to enter an order striking the Defendant's Reply in Support of Proposed Third Party Defendant's Motion to Intervene, for failure to comply with RCFC 7.2 and the Court's Special Procedures Order, paragraph 11, or, in the alternative, for leave to file a response. The grounds in support of this motion are more fully set forth below.

## I. Facts

Plaintiffs commenced this action on September 6, 2007 by filing a Complaint against the United States ("Defendant") seeking the recovery of Plaintiffs' reasonable and entire compensation for the use by or for the Defendant, without license, of an invention described in and covered by the claims of a United States patent. (D1) Plaintiffs seek reasonable compensation for the unlicensed use by the Government of certain body armor known as Deltoid Axillary Protectors ("DAPs") covered by U.S. Patent No. 7,071,806 ('806 patent). The subject body armor was manufactured by Point Blank Inc., pursuant to Government Contract No. W91CRB-04-D-0014. (D15 at ¶ 30)

On November 17, 2007, Defendant filed its Unopposed Motion for Notice to Third Party Pursuant to RCFC 14(b). (D11) In its motion, the Government asserts, "It thus appears that Point Blank has an interest in this litigation as a result of its apparent obligation to indemnify the government for any patent infringement liability resulting from its supply of the accused Deltoid and Axillary Protectors to the Army pursuant to the '0014 contract."[1] (D11 at p. 3)

[1] The Government asserts that the indemnity obligation arises out of a patent indemnity provision contained in a related GSA contract, #GS-07F-8942D (D11 at pp. 2-3).

The proposed third party, Point Blank, filed a Motion to Intervene on January 25, 2008 ("Point Blank's Motion"). Pursuant to RCFC Rule 7.2, responses or written objections to Point Blank's motion were due on February 11, 2008. Plaintiffs timely submitted their Response to Third Party Defendant Point Blank Body Armor Inc.'s Motion to Intervene ("Plaintiffs' Response"). (D12)

The Defendant chose to not file a response either in support of, or in opposition to, Point Blank's Motion to Intervene by the established deadline of February 11, 2008.

Point Blank filed its Reply to Plaintiffs' Response on February 19, 2008.

On February 25, 2008, and without leave, Defendant filed what it has characterized as a "Reply In Support of Proposed Third Party Defendant's Motion to Intervene" ("Reply"). (D28) Defendant's Reply raises new arguments that were not raised in Point Blank's motion or reply, or even in Plaintiffs' response. In response to Defendant's actions, Plaintiffs file this instant Motion.

The undersigned has contacted counsel for Defendant, who states that it opposes Plaintiffs' Motion to Strike but agrees that the Plaintiffs have not had the opportunity to respond to certain of the arguments made by

Defendant and has no objection to the Court granting Plaintiffs leave to file a response to the Defendant's pleading.[2]

## II. Argument

Plaintiffs assert that the Government's "Reply" should be stricken. RCFC 7.2 provides:

**RULE 7.2 Time For Filing**

> (a) Responses and Objections. Unless otherwise provided in these Rules or by order of the Court, responses or objections to written motions shall be filed within 14 days after service of the motion.

Plaintiffs contend that Defendant's "Reply" is, in effect, a response in support of Point Blank's Motion to Intervene and should have been filed in conformity with RCFC 7.2. Since Defendant chose to not file a response within the time set forth in Rule 7.2, it should be stricken.

In addition, Defendant's brief, even if it is permitted to be treated as a "Reply," exceeds the boundaries of permitted Replies in that it raises new arguments in support of Point Blank's motion and cites additional authority

[2] It bears noting, that during the discussion of the Joint Preliminary Status Report ("JPSR") which was filed on February 19, 2008, eight days after Plaintiffs' Response was filed, the Government never mentioned that it planned to file a response or "Reply" in support of Point Blank's Motion to Intervene despite the fact that this issue was specifically addressed in Section (f) of the Joint Preliminary Status Report.

that were not raised in Point Blank's motion, and Plaintiffs have had no opportunity to respond to or address them.

This Court's Special Procedures Order ("Order") is clear with respect to reply briefs. Paragraph 11 of the Order states:

> Reply Briefs. A moving party's reply brief is limited to responding to matters contained in the other party's opposition brief. A party wishing to advance new arguments in a reply brief must request leave of Court. Requests are disfavored.

The Court's Order contemplates reply briefs filed by the "moving party" and is clear that new arguments may not be made in a reply brief without leave of Court. The Government is not the moving party and should not be permitted to file a reply brief and raise new arguments and cite additional cases which Plaintiffs were not in a position to address in their response.

Accordingly, the Plaintiffs request that Defendant's Reply be stricken for failure to conform with RCFC 7.2 and the Court's Special Procedures Order, paragraph 11. In the alternative, Plaintiffs seek leave to file a response to the Defendant's pleading.

Respectfully submitted,

/s/
GARY H. NUNES
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

Of Counsel:

Jack B. Hicks
Womble Carlyle Sandridge &
Rice, PLLC
300 North Greene Street
Suite 1900
Greensboro, NC 27401
Telephone: (336) 574-8030
Fax: (336) 574-4520

Holly Emrick Svetz
Womble Carlyle Sandridge &
Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623