# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALLEN COX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Baskir |
| v. | ) | |
| | ) | No. 07-652C |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE OPPOSING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY OR ALTERNATIVELY FOR LEAVE TO FILE A RESPONSE

The United States submits this response opposing, in part, the plaintiffs' Motion to Strike Defendant's Reply in Support of Point Blank's Motion to Intervene, or in the Alternative, For Leave to File a Response. Plaintiffs' motion to strike the government's reply should be denied. We do not oppose plaintiffs' request for leave to file a response to the government's reply insofar as the plaintiffs' response is limited to a surreply governed by RCFC 7.2(b) and paragraph 11 of the Court's Special Procedures Order (SPO 11), rather than a response governed by RCFC 7.2(a).

## I. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED

### A. No Basis in RCFC 7 for Motion to Strike

Nowhere in RCFC 7 is the government prohibited from filing a reply to the plaintiffs' response. In fact, RCFC 7.2(b) clearly states that "[r]eplies to responses or objections shall be filed within 7 days after service of the response or objection." Furthermore, RCFC 7.2(b) does not reserve filing of a reply only to a moving party, a third-party, or to a party that filed a response to a third-party's motion.

### B. No Reason to Strike Under SPO 11

SPO 11 states that "[a] moving party's Reply brief is limited to responding to matters contained in the other party's opposition brief. A party wishing to advance new arguments in a reply brief must request leave of Court. Requests are disfavored." The first sentence of SPO 11 does not apply to the government because the government is not the moving party. Rather, the moving party, if it can be considered a party at all before the Court rules on its motion to intervene, is Point Blank. Thus, in this situation, SPO 11 limits only Point Blank's reply brief to matters contained in plaintiffs' response.

The government notes, however, that under SPO 11, "[a] party wishing to advance new arguments in a reply brief must request leave of Court." To the extent that the government is considered to have raised

"new arguments," it has prepared and has filed contemporaneously with this Response, a Request for Leave to File Reply in Support of Proposed Third Party Defendant's Motion to Intervene. As discussed in the request for leave, the issues involved in Point Blank's Motion to Intervene as opposed by the plaintiffs hold a recurring importance to the government as it litigates patent infringement cases that involve third-party indemnitors. Thus, should the court view such a request as necessary, for the reasons outlined in its request for leave, the government requests that the Court grant it leave.

Thus, for the reasons provided above, and in view of the government's now pending Request for Leave to File Its Reply in Support of the Proposed Third Party Defendant's Motion to Intervene, the government requests that the Court deny plaintiffs' motion to strike the government's reply.

## II. PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SURREPLY ONLY

The government observes that the plaintiff is requesting as alternative relief, that it be given an opportunity to file a response to the government's reply. The government filed a reply in support of the Proposed Third Party's Motion to Intervene. The government did not file a motion. Thus, plaintiffs seek to file a surreply.

The government does not oppose the plaintiff's request for leave to respond to the government's reply. The government, however, asserts that plaintiffs' response to the government's reply should take the form of a surreply rather than a response.

Allowing plaintiffs to file a surreply will afford plaintiffs an opportunity to address any arguments that the plaintiffs have not had an opportunity to address. Requiring plaintiffs to file a surreply, rather than a response, will also require plaintiffs to address only the arguments presented by the government, and do so in seven days rather than in fourteen days, as is allowed for responses under RCFC 7.2(a). In reality, the plaintiffs will have had more than the seven days to prepare their surreply because the period for reply will run from the time the Court rules on the plaintiffs' motion rather than February 25, 2008, the day the government filed its reply. In addition, because the government did not file a motion but rather a reply, the plaintiffs are not entitled to address matters not contained in the government's reply without leave of the Court, as would be allowed were plaintiffs granted leave to file a response. See RCFC 7.2(b); SPO 11.

Plaintiffs assert that the government should have submitted its arguments as a response in support of Point Blank's motion to intervene. RCFC 5.3(a) does not contemplate that a party could file a brief in support

of another party's motion. RCFC 5.3(a)(2) contemplates only the filing of opposing briefs or memoranda. See RCFC 5.3(a)(2) (titled "Opposing Brief or Memoranda") Thus, plaintiffs' assertion that the government was required to file its reply as a Motion in Support of Point Blank's Motion to Intervene is not in keeping with the Rules of the Court. Moreover, the United States did not have anything to which to respond before the plaintiffs filed their response on February 11, 2008. It would not advanced either the resolution of Point Blank's motion or the government's interest in the Court's treatment of third-party intervenors generally, for the government to attempt to predict the content of plaintiffs' opposition and then respond to these predicted arguments on February 11, 2008 before receiving plaintiffs' opposition. As allowed under RCFC 7.2(b), the United States timely filed its reply to the plaintiffs' response on February 25, 2008.

Even if the government had filed its arguments in a response in support of plaintiff's motion to intervene rather than as a reply to plaintiffs' response, the plaintiffs would only have had the right to reply to the matters contained in the government's response. SPO 11. Plaintiffs would not have had the right to advance new arguments without first requesting leave of the Court under SFO 11. Finally, if the Court does grant plaintiffs' request for leave to file a response to the government's reply, the

government reserves the right under RCFC 7.2(b) and SFO 11 to reply to plaintiffs' response.

Thus, for the reasons given above, the government requests that the Court deny plaintiffs' motion to strike the government's reply. Furthermore, for the reasons given above, the government does not oppose plaintiffs' motion to respond insofar as plaintiffs' response to the government's reply takes the form of a surreply governed by RCFC 7.2(b) and SPO 11 rather than a response governed by RCFC 7.2(a).

Respectfully submitted,

February 29, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/ Conrad J. DeWitte, Jr.
CONRAD J. DEWITTE, JR.
Trial Attorney
Intellectual Property Staff
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0459
Fax: (202) 307-0345

Counsel for Defendant