# Appendix A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALLEN COX, | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Baskir |
| v. | ) | |
| | ) | No. 07-652C |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REQUEST FOR LEAVE TO FILE REPLY IN SUPPORT OF THE PROPOSED THIRD PARTY DEFENDANT'S MOTION TO INTERVENE**

Paragraph 11 of the Court's Special Procedures Order (SPO 11), provides that "[a] moving party's Reply brief is limited to responding to matters contained in the other party's opposition brief. A party wishing to advance new arguments in a reply brief must request leave of Court. Requests are disfavored."

As we state in the contemporaneously filed "Defendant's Response Opposing Plaintiffs' Motion to Strike Defendant's Reply or Alternatively for Leave to File a Response," the government's reply was properly filed. In view of the Plaintiffs' Motion to Strike the government's Reply in Support of Point Blank's Motion to Intervene, however, the government hereby requests leave of the Court to file its Reply Plaintiff's Opposition to Point

Blank's Motion to Intervene in the event it is deemed necessary. The government understands that the Court does not favor such requests, however, the issues before the Court as presented in Point Blank's motion to intervene as opposed by the plaintiff's response are of interest to the government in the many cases that it litigates involving patent indemnity clauses that require third parties to indemnify the government for judgments of patent infringement. The government, thus, has prepared its reply in support of Point Blank's motion to intervene in order to reply to the plaintiffs' opposition to Point Blank's motion.

The government has an interest in potential indemnitors participating, to the fullest extent under the law, in litigation that could result in a judgment against the government. The government finds that such participation often leads to settlements in which all interested parties are invested. Furthermore, the government finds that such participation makes future litigation by the government against an indemnitor either unnecessary or proceed more quickly. This is because when an indemnitor participates in an action where a judgment against the government is rendered, issues litigated in that case need not be relitigated in a subsequent action to enforce an indemnification clause against an

indemnitor. Thus, the government is interested in Point Blank's Motion to Intervene being granted.

For the above reasons, the government, therefore, requests this Court to grant it leave to file its Reply to Plaintiffs' Response in Opposition to Point Blank's Motion to Intervene.

Respectfully submitted,

February 29, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/ Conrad J. DeWitte, Jr.
CONRAD J. DEWITTE, JR.
Trial Attorney
Intellectual Property Staff
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0459
Fax: (202) 307-0345

Counsel for Defendant