*In the United States Court of Federal Claims*

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX, | | |
| Plaintiffs, | | |
| v. | | No. 07-652C (Judge Baskir) |
| THE UNITED STATES OF AMERICA, | | |
| Defendant. | | |

**PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF PROPOSED THIRD PARTY DEFENDANT'S MOTION TO INTERVENE**

Plaintiffs, Christopher Sean Van Winkle and David Alan Cox, (collectively "Plaintiffs"), in accordance with this Court's Order of March 5, 2008 (Document No. 32), hereby submit their surreply to Defendant's Reply in Support of Proposed Third Party Defendant's Motion to Intervene (Document No. 28) (hereinafter "Defendant's Reply").

## I. ARGUMENT

### A. Point Blank May Not Intervene By Right Under 41 U.S.C. § 114(b)

### 1. The Language of Section 114(b) Does Not Treat the Notification of Point Blank as an Invitation to File an Answer As a Matter of Right

Defendant argues that the language of 41 U.S.C. § 114(b) ("§ 114(b)") treats the notification of Point Blank as an invitation to file an answer as a matter of right. Plaintiffs disagree. The plain language of § 114(b) authorizes the Court of Federal Claims to address third parties by either summons or notice. RCFC 14 implements the authority set forth in § 114(b). RCFC 14, Rules Committee Note, 2002 Revision. RCFC 14(a)(1) is captioned <u>Summoned Parties</u> and addresses the narrow circumstances in which a third person may be summoned into the Court. RCFC 14(a)(1) provides that the court may summon any third person against whom the United States may be asserting a claim or contingent claim. The United States must file a contemporaneous "pleading setting forth the claim the United States is asserting against such third person." RCFC 14(a)(2). Should the Court grant the motion the clerk shall issue a summons stating the time within which the party is required to appear and ***answer***. RCFC 14(a)(3) (emphasis added).

RCFC 14(b) is captioned <u>Notice to Interested Parties</u> and provides that the Court may notify any person "who is ***alleged*** to have an interest in the subject matter of any pending action." RCFC 14(b)(1). The notice

"shall advise of the pendency of the action and of the ***opportunity to seek intervention*** and to assert an interest in the action." *Id.* (emphasis added). The Rules Committee separated the summons and notification procedures into two separate subdivisions of Rule 14 in order "to distinguish more clearly between the two types of actions it permits with respect to entities that are not yet parties to the suit." RCFC 14, Rules Committee Note, 2002 Revision. RCFC 14(a) permits an answer as of right, while RCFC 14(b) does not.

In this case, RCFC 14(b) is applicable. The United States has not filed any pleading setting forth a claim or contingent claim against Point Blank, and no summons has issued. The Defendant moved for notice to Point Blank pursuant to RCFC 14(b).[1] (Defendant's Unopposed Motion for Notice to Third Party Pursuant to RCFC 14(b), p. 11) (Document No. 11) In accordance with the provisions of RCFC 14(b)(1), Point Blank is required to seek intervention under RCFC 24 in order to assert any interest it may have in this action. Under RCFC 24, Point Blank may answer only if it is able to satisfy the requirements for intervention outlined by RCFC 24. There is no invitation to file an answer as a matter of right.

[1] Point Blank is not seeking to bring a claim of its own against the United States.

### 2. The Presence of Point Blank as a Third Party Defendant Would Not Serve to Avoid Repetitive Litigation of Issues and Protect the Government from Risk of Potentially Inconsistent Judgments.

Defendant suggests that permitting Point Blank to intervene under § 114(b) will avoid repetitive litigation of issues, reduce the risk of inconsistent judgments against the Government and promote judicial economy. Defendant is mistaken.

As the Defendant concedes, even if Point Blank is permitted to intervene, Point Blank may not be precluded from again raising its potential defenses of invalidity or non-infringement in a subsequent suit brought by the Defendant to enforce the indemnification clause. (Defendant's Reply, p. 7). *See Penda Corp. v. U.S.*, 44 F.3d 967, 972 (Fed. Cir. 1994). Accordingly, Point Blank's intervention would not necessarily avoid the repetitive litigation of issues.

Likewise, allowing Point Blank to intervene would not necessarily help the United States avoid inconsistent judgments. A judgment in this case will address only whether the Defendant made unlicensed use of a patent owned by Plaintiffs and, if so, what is the reasonable and entire compensation that Plaintiffs are entitled to. A judgment in any subsequent suit between Defendant and Point Blank will address whether Point Blank is required to indemnify the Defendant under a contract between the two.

A judgment that Point Blank is not liable to the Government in that matter may not necessarily be inconsistent. Accordingly, allowing Point Blank to intervene will not necessarily mean that Point Blank may not be found liable to the Defendant in a subsequent indemnity suit.

Finally, Defendant's claim that permitting Point Blank to intervene under § 114(b) will promote judicial economy misses its mark. Defendant asserts that allowing Point Blank to present its arguments on invalidity and infringement will result in conserving judicial resources because the Court will only have to consider these issues once. Again, Defendant is mistaken. Regardless of whether Point Blank is permitted to intervene, the limited jurisdiction conferred upon this Court ensures that this Court will only once have to invest the time necessary to determine the validity and non-infringement issues relating to the DAPs and the '806 patent. Any subsequent suit by the Defendant against Point Blank for indemnity must be brought in a District Court as opposed to this Court. *See Penda* 44 F.3d at 970, n. 4 (discussing the jurisdictional limits on this Court's third-party practice).

### B. Point Blank Should Not Be Permitted To Intervene Under RCFC 24

**1. The Defendant's Argument That *The American Maritime Transport, Inc.* Decision Is Inapplicable Is Unavailing**

Defendant argues that the Federal Circuit's decision in *American Maritime Transport, Inc.*, 870 F.2d 1559 (Fed. Cir. 1989) does not apply in the instant case. Both Plaintiffs and Point Blank agree that it does. Plaintiffs' Response to Third Party Defendant's Motion to Intervene (Document No. 22) at pp. 10-12 and Proposed Third Party Defendant's Memorandum in Support of Motion to Intervene (Document No. 18) at pp.10-11. According to Defendant, the *American Maritime* standard for intervention under RCFC 24(a)(2) is only applicable when the alleged interest involves property rights. (Defendant's Reply at pp. 11-14). The Federal Circuit's decision in *American Maritime* does not, however, indicate that its application is so limited.

**2. Point Blank's Interest Will Not Be Impaired Under RCFC 24(a)**

Defendant argues that preventing Point Blank from being able to offer helpful arguments regarding invalidity or non-infringement will impair judicial economy and impair Point Blank's interest in avoiding indemnification. (Defendant's Reply at pp. 16-17). Again, Plaintiffs disagree. The Defendant has not advanced any reason why Point Blank may not confer with the Defendant and have Defendant articulate Point

Blank's arguments with respect to infringement and validity to the extent they are credible.

Defendant also argues that permitting Point Blank to intervene will provide "real cost savings to Point Blank" (Defendant's Reply, p. 16-17). This argument (i) is not a basis for intervention; (ii) is unsupported and mere speculation; and (iii) ignores the fact that intervention by Point Blank will likely substantially increase the costs incurred by Plaintiffs.

Defendant claims that the expense of monitoring this litigation and advancing invalidity and non-infringement arguments in a later District Court action with respect to indemnification may impair Point Blank's ability to protect its interest (Defendant's Reply, p. 10). Defendant does not provide any support or further explanation for this claim. The Government's argument in this regard is pure speculation.

In fact, Point Blank's intervention in this case will more likely increase the costs incurred by Plaintiffs in connection with having to respond to any discovery requests, pleadings, motions and briefs that the Court may permit Point Blank to file. The Defendant has stated that Point Blank may present additional invalidity or non-infringement arguments. (Defendant's Reply at p. 18). These increased costs will prejudice the Plaintiffs.

Prejudice to the Plaintiffs is a factor the Court must weigh in making a determination as to the propriety of intervention under RCFC 24(b).

## II. CONCLUSION

For the reasons cited above, and for the reasons asserted in their Response to Point Blank's Proposed Third Party Defendant's Motion to Intervene, Plaintiffs respectfully request that this Court **DENY** Point Blank's Motion to Intervene.

Respectfully submitted,

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/ Gary H. Nunes

GARY H. NUNES, Counsel
JACK B. HICKS, Of Counsel
HOLLY EMRICK SVETZ, Of Counsel
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

***Attorneys for Plaintiffs***

WCSR 3857707v7