# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER SEAN VAN WINKLE and DAVID ALAN COX, | ) | |
| Plaintiffs, | ) | Judge Baskir |
| v. | ) | No. 07-652C |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## STIPULATION FOR THE ENTRY OF JUDGMENT

For the purpose of settling this action, the plaintiffs, Christopher Sean Van Winkle and David Alan Cox, and the defendant, the United States (the government), stipulate to the following:

1. The plaintiffs warrant that they are the exclusive owners of all right, title, and interest in U.S. Patent Number 7,076,806 (the ’806 patent) and that they have the right to grant licenses in the ’806 patent, including any re-examined or reissued version of same and including any patent issuing from any continuation, continuation-in-part or divisional application claiming priority from the application that issued as the ’806 patent, and any foreign counterpart.

2. The plaintiffs brought this action pursuant to 28 U.S.C. § 1498(a) seeking reasonable and entire compensation for the alleged infringement by or for the government of the '806 patent.

3. The plaintiffs have submitted a written offer to the government to settle this action by:

   a. Releasing the government from any claims that were brought or could have been brought in this case;

   b. Releasing the government from any and all claims for infringement, or unauthorized manufacture or use by or for the government, of any subject matter described or claimed in the '806 patent, including any re-examined or reissued version of same and including any patent issuing from any continuation, continuation-in-part or divisional application claiming priority from the application that issued as the '806 patent, and any foreign counterpart;

   c. Releasing the government from any and all claims for infringement of any trademark related to the marks "DAP," "Deltoid Axillary Protection" or "Deltoid and Axillary Protectors," including common law rights or rights that

may arise pursuant to Trademark Application Serial Number 7745370;

d. Granting to the government or another person acting on its behalf, for government purposes only, a worldwide, non-exclusive, irrevocable and fully paid-up license to manufacture, make, use, offer to sell, sell, import and/or export, by or for the government, any subject matter described or claimed in the '806 patent, including any re-examined or reissued version of same and including any patent issuing from any continuation, continuation-in-part or divisional application claiming priority from the application that issued as the '806 patent, and any foreign counterpart;

e. Granting to the government a worldwide, non-exclusive, irrevocable and fully paid-up license to perform or have performed on its behalf, for government purposes only, any act that but for this agreement would constitute an act of patent infringement under the laws of the United States or any other country of the '806 patent, including any reexamined or reissued version of same and including

any patent issuing from any continuation, continuation-in-part, or divisional application claiming priority from the application that issued as the '806 patent, and any foreign counterpart;

f. Representing and warranting that they shall not attempt to enforce the '806 patent against the government, or any person acting on its behalf, for government purposes only and with the government's authorization or consent (as described in 48 C.F.R. § 52.227-1) provided explicitly or by operation of law;

g. Representing and warranting that they shall not bring any action related to the subject matter of the '806 patent, including, but not limited to, trademark infringement or misappropriation, against the government or any person acting on its behalf, for government purposes only, and acting with the government's authorization or consent as stated in any contract or license agreement.

4. The government, by its authorized representative of the Attorney General, has duly agreed to accept this offer.

5. In consideration for this Stipulation for Entry of Judgment and the terms set forth in paragraph 3 above, the parties have agreed that judgment in this action be entered in favor of the plaintiffs and against the government for the total lump sum of ten million two hundred fifty thousand dollars ($10,250,000.00).

6. In accordance with the terms of the offer and the acceptance and to secure the performance thereof, the government, by its authorized representative of the Attorney General, and the plaintiffs hereby enter into this Stipulation to be filed in the above-identified action for the purpose of causing a final judgment to be entered against the government in accordance with the terms set forth above.

7. The parties agree to bear their own costs and attorneys fees.

8. In the event that the Court declines to enter judgment in accordance with this Stipulation, in whole or in part, the Stipulation shall be void, and without prejudice to any party.

Respectfully submitted,

GARY H. NUNES
Womble Carlyle Sandridge &
Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

Of Counsel:

JACK B. HICKS
Womble Carlyle Sandridge &
Rice, PLLC
300 North Greene Street
Suite 1900
Greensboro, NC 27401
Telephone: (336) 574-8030
Fax: (336) 574-4520

HOLLY EMRICK SVETZ
Womble Carlyle Sandridge &
Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, Virginia 22182
Telephone: (703) 790-3310
Fax: (703) 790-2623

Counsel for Plaintiffs

9/4/08
Date

GREGORY G. KATSAS
Assistant Attorney General

JOHN J. FARGO
Director
(Authorized Representative of the
Attorney General)

CONRAD J. DeWITTE, JR.
Trial Attorney
Intellectual Property Staff
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0459
Fax: (202) 307-0345

Counsel for Defendant

9/4/08
Date